**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

**CASE NO:**

AMANDA KRIBERNEY, on behalf of
herself and all others similarly situated,

    Plaintiff(s),

    v.

OAK AND EMBER, LLC,
ASIA FOUNTAINS, LLC,
BUTCHER BLOCK GRILL BOCA, LLC,
CARMELA'S BOCA, LLC,
ZSW MOZART CAFE, LLC,
ROADHOUSE BOCA, LLC,
FGM, LLC,

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, AMANDA KRIBERNEY ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, OAK AND EMBER LLC ("Oak and Ember"), ASIA FOUNTAINS, LLC ("Asia Fountains"), BUTCHER BLOCK GRILL BOCA, LLC ("Butcher Block"), CARMELA'S BOCA, LLC ("Carmela's"), ZSW MOZART CAFÉ, LLC ("Mozart"), ROADHOUSE BOCA, LLC ("Roadhouse") and FGM, LLC ("FGM") (collectively hereinafter "Defendants"), and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff, and all other similarly situated Servers and Bartenders, of federally mandated minimum wages during the course of their employment periods.

This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to recover all wages owed to Plaintiff and similarly situated Servers and Bartenders during the course of their employment periods.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff and all class members are/were restaurant Servers and/or Bartenders who worked for Defendants within the last three (3) years in Boca Raton, Florida.

4. Plaintiff began working for Defendants in or around October 2020 and is still employed as of the date of this filing.

5. Members of the proposed collective worked for Defendants in the same/identical capacity as Plaintiff in that they were restaurant Servers or Bartenders for Defendants during the relevant time period.

6. Plaintiff seeks conditional certification under 29 U.S.C. § 216(b) for violations of the FLSA because of various violations of the FLSA. Below is the first putative collective:

> **All Servers or Bartenders who worked for Defendants in Boca Raton, Florida during the three (3) years preceding this lawsuit who participated in Defendants' tip pool and did not receive an hourly wage for the work they performed.**

7. The second putative collective pertains to individuals who were required to purchase uniforms, which led to minimum wage violations:

> **All Servers or Bartenders who worked for Defendants in Boca Raton, Florida during the three (3) years preceding this lawsuit who were required to purchase a uniform directly from Defendants.**

8. Below is the third putative collective that Plaintiff seeks to represent:

> **All Restaurant Servers or Bartenders who worked for Defendants in Boca Raton, Florida, during the three (3) years preceding this lawsuit, who were required to share any portion of their tips with managers or supervisors.**

9. The precise size and identity of each class above should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of members in each collective could exceed 100 Servers and Bartenders.

10. During all times material hereto, Defendant, OAK AND EMBER, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. OAK AND EMBER'S principal address and mailing address are located in Palm Beach, County, at 7000 West Camino Real, Boca Raton, FL 33433. OAK AND EMBER'S registered agent is located at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

11. During all times material hereto, Defendant, OAK AND EMBER, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

12. During all times material hereto, Defendant, OAK AND EMBER, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

13. During all times material hereto, Defendant, ASIA FOUNTAINS, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. ASIA FOUNTAINS' principal address, mailing address and registered agent are located in Palm Beach, County, at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

14. During all times material hereto, Defendant, ASIA FOUNTAINS, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

15. During all times material hereto, Defendant, ASIA FOUNTAINS, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

16. During all times material hereto, Defendant, BUTCHER BLOCK, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. BUTCHER BLOCK's principal address, mailing address and registered agent are located in Palm Beach, County, at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

17. During all times material hereto, Defendant, BUTCHER BLOCK, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

18. During all times material hereto, Defendant, BUTCHER BLOCK, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

19. During all times material hereto, Defendant, CARMELA'S, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. CARMELA'S principal address and mailing address are located in Palm Beach, County, at 7000 West Camino Real, Boca Raton, FL 33433. CARMELA'S registered agent is located at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

20. During all times material hereto, Defendant, CARMELA'S, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

21. During all times material hereto, Defendant, CARMELA'S, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

22. During all times material hereto, Defendant, MOZART, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. MOZART's principal address, mailing address and registered agent are located in Palm Beach, County, at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

23. During all times material hereto, Defendant, MOZART, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

24. During all times material hereto, Defendant, MOZART, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

25. During all times material hereto, Defendant, ROADHOUSE, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. ROADHOUSE'S principal address, mailing address and registered agent are located in Palm Beach, County, at 7200 West Camino Real, Suite 200, Boca Raton, FL 33433.

26. During all times material hereto, Defendant, ROADHOUSE, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

27. During all times material hereto, Defendant, ROADHOUSE, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

28. During all times material hereto, Defendant, FGM, was a Florida limited liability company operating and doing business within the jurisdiction of this Honorable Court. FGM's principal address is 9220 Bonita Beach Road, Suite 210, Bonita Springs, FL 34135.

29. During all times material hereto, Defendant, FGM, was Plaintiff's employer, as that term is defined by 29 U.S.C. § 203(d).

30. During all times material hereto, Defendant, FGM, was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

31. Defendants were Plaintiff's, and all other similarly situated employees', joint employers, as that term is defined by the FLSA.

32. Defendants had a unified operation of their businesses, common operational control and a common business purpose during all times relevant hereto.

## JURISDICTION AND VENUE

33. The acts and/or omissions giving rise to this dispute took place in Palm Beach County, within the jurisdiction of this Honorable Court.

34. Defendants regularly transact business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

35. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

36. As of the date of this filing, Plaintiff is 18 years old and still in high school.

37. Plaintiff began working for Defendants in October 2020, when she was 17 years old.

38. Defendants own and operate a chain of restaurants in Boca Raton, Florida.

39. Defendants employ Servers and Bartenders such as Plaintiff to work at their various restaurants.

40. In January 2021, Defendants promoted Plaintiff on or after her 18th birthday. At this time, Plaintiff began to work as a Server and Bartender at several of Defendants' restaurants.

41. Defendants do not pay their Bartenders or Servers **any hourly wage** whatsoever. Instead, Defendants pay Bartenders and Servers a percentage of a tip pool for each shift.

42. Defendants failed to pay Plaintiff, and all other servers and bartenders, the minimum wage required for tipped employees in one (1) or more workweeks within the relevant time period.

43. Defendants failed to notify Plaintiff, and all other servers and bartenders, of the FLSA's tip credit provisions within the relevant time period.

44. Defendants have implemented an illegal tip pool whereby they pilfer Servers' and Bartenders' tips.

45. Defendants' supervisors and managers pilfered Plaintiff's tips by participating in Defendants' tip pools within the relevant time period, which is an express violation of the FLSA.

46. Notwithstanding that Defendants pay their Servers and Bartenders a sub-minimum wage because of these illegal pay practices, Defendants also require their Servers and Bartenders to purchase a uniform directly from Defendants and automatically deduct the cost of the uniform from Servers' and Bartenders' paychecks. This unlawful practice causes additional minimum wage violations and directly contravenes the FLSA's anti-kickback provisions, which require wages to be paid to employees free and clear.

## CLASS ALLEGATIONS

47. Members of the collective are treated similarly in Defendants' Boca Raton, FL restaurants in that they share substantially the same duties and responsibilities and Defendants did not pay any of their Servers or Bartenders any hourly wage, and instead compensated them exclusively a percentage of the tips accrued each particular shift.

48. Class members are treated similarly in Defendants' Boca Raton, FL restaurants in that Defendants allowed their managers and supervisors to take a percentage of the tip pool during certain shifts within the relevant time period.

49. Class members are treated similarly in Defendants' Boca Raton, FL restaurants in that Defendants required their Servers and Bartenders to purchase a uniform directly from Defendants in workweeks when Servers and Bartenders made less than the applicable minimum wage for tipped employees.

50. During the relevant time period, Defendants employed approximately one hundred (100) employees in Boca Raton, Florida who were not paid an hourly wage for the work they performed, and were instead paid only tips.

51. Plaintiff and the class members were subjected to the same policies.

52. Plaintiff and the class members performed the same job duties for Defendants in Boca Raton, Florida as restaurant Servers and Bartenders, and were required to purchase uniforms, and were not compensated appropriate minimum wages, and were otherwise paid in an identical manner by Defendants based on their failure to compensate Plaintiff and the class members the federally prescribed minimum wage for tipped employees.

53. Plaintiff and the class members were not paid the statutory federal minimum wage for certain hours worked within the previous three (3) years.

54. Defendants further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other servers and bartenders each workweek.

55. Defendants also failed to provide Plaintiff and all other servers and bartenders of Defendants' intention to take a tip credit during all times periods pertinent hereto.

56. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

57. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## **FLSA COVERAGE**

58. Defendants, Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart, Roadhouse and FGM are each covered enterprises under the FLSA by virtue of the fact that each corporate entity had at least two (2) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

59. Defendants, Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart, Roadhouse and FGM each had two (2) or more employees who handled goods or materials that have traveled through interstate commerce, including but not limited to napkins, polish, silverware, appliances, food items, restaurant equipment, chairs, tables, vacuum cleaners, sugar, lemons, pens, aprons, pots, pans, mints, different types of alcoholic beverages, coke, sprite, coffee, and other materials that had previously travelled through commerce.

60. Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart, Roadhouse and FGM business and Plaintiff's work for each Corporate Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of

the same. Accordingly, each Corporate Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

61. Each Corporate Defendant grossed in excess of $500,000.00 in 2018, 2019, 2020 and is/are expected to gross in excess of $500,000.00 in 2021.

62. During all material times hereto, Plaintiff was a non-exempt hourly employee of Defendants within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

63. The Corporate Defendants each have the same registered agent, the same (or substantially similar) principal address, and the same (or substantially similar) mailing address within the State of Florida.

64. Defendants, Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart and Roadhouse share the same parent company, FGM.

65. FGM provides Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart and Roadhouse human resources oversight, benefits programs, equipment, and resources in an effort to successfully maximize financial profits for each of the entities.

66. FGM is the listed owner of Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart and Roadhouse on Florida's Secretary of State webpage.

67. FGM exerts significant influence over the employment, payroll, and operational decisions made by Defendants, Oak and Ember, Asia Fountains, Butcher Block, Carmela's, Mozart and Roadhouse.

68. Defendants operate together for a common business purpose through unified operation and/or common control.

69. Depending on the payroll needs, FGM arbitrarily decides which of its companies will pay Plaintiff, and all similarly situated employees, on a weekly basis.

70. In furtherance of their common business purpose, Defendants each contributed valuable resources that were necessary to the successful operation of the restaurants such as property, payroll services, and supervision of employees.

71. Defendants are each other's alter-egos and should be treated as the same corporate entity for the purposes of this lawsuit.

72. Defendants collectively grossed in excess of $500,000.00 annually in 2018, 2019, 2020 and are expected to do so in 2021.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS AGAINST DEFENDANTS
**Arising From Defendants' Refusal to Pay Any Hourly Wage to Tipped Employees**

73. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

74. Defendants failed to compensate Plaintiff at the applicable federal minimum wage rate of $7.25 for certain hours of work she performed during her employment period.

75. Defendants did not pay Plaintiff any hourly wage from in or around January 2021 through the present. Instead, Defendants paid Plaintiff tips in lieu of an hourly wage.

76. Defendants therefore exceeded the statutorily prescribed tip credit for each hour of work performed by Plaintiff from in or around January 2021 through the present.

77. Defendants' failure to pay Plaintiff proper federal minimum wages violates the FLSA.

78. Defendants willfully and intentionally refused to pay Plaintiff proper minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

79. Defendants' willful and intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

80. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, AMANDA KRIBERNEY, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants, OAK AND EMBER LLC, ASIA FOUNTAINS, LLC, BUTCHER BLOCK GRILL BOCA, LLC, CARMELA'S BOCA, LLC, ZSW MOZART CAFÉ, LLC, ROADHOUSE BOCA, LLC and FGM, LLC, and award Plaintiff: (a) unliquidated minimum wage damages, payable by Defendants, jointly and severally; (b) liquidated damages payable by Defendants, jointly and severally; (c) reasonable attorney's fees and costs payable by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS AGAINST DEFENDANTS
**Arising from Illegal Kickbacks Related to the Uniform Policy**

81. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

82. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

83. Defendants failed to compensate Plaintiff at the applicable federal minimum wage rate of $7.25 for certain hours of work she performed during her employment period.

84. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

85. During the relevant time period, Defendants enforced a uniform policy that required Plaintiff and similarly situated servers and bartenders to use the wages to give Defendants unlawful kickbacks by requiring these employees to purchase a uniform directly from Defendants.

86. Defendants required Plaintiff and similarly situated employees to purchase their uniforms directly from Defendants and deducted the cost of the uniform from Plaintiff's and all other similarly situated employees' checks.

87. Requiring Plaintiff and other similarly situated employees to purchase uniforms directly from Defendants directly benefited Defendants.

88. Plaintiff and all other similarly situated servers and bartenders used their work uniforms primarily for work.

89. At all time periods relevant hereto, wearing a uniform was a essential component of Plaintiff's job.

90. Defendants' uniform policy became unlawful on March 23, 2018. Defendants nevertheless continued to enforce this policy, and on information and belief, still enforce this unlawful policy to this day.

91. Accordingly, the wages received by Plaintiff and similarly situated individuals were not finally and unconditionally "free and clear."

92. Plaintiff and similarly situated servers and bartenders are entitled to recover the tips that they were required to use for the employer's benefit from March 23, 2018, through the present.

93. Defendants' failure to pay Plaintiff proper federal minimum wages violates the FLSA.

94. Defendants willfully and intentionally refused to pay Plaintiff proper minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

95. Defendants' willful, intentional and egregious violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

96. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, AMANDA KRIBERNEY, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants, OAK AND EMBER LLC, ASIA FOUNTAINS, LLC, BUTCHER BLOCK GRILL BOCA, LLC, CARMELA'S BOCA, LLC, ZSW MOZART CAFÉ, LLC, ROADHOUSE BOCA, LLC and FGM, LLC, and award Plaintiff: (a) unliquidated minimum wage damages, payable by Defendants, jointly and severally; (b) liquidated damages payable by Defendants, jointly and severally; (c) reasonable attorney's fees and costs payable by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT III – FEDERAL MINIMUM WAGE VIOLATIONS AGAINST DEFENDANTS
### Arising from Supervisors' and Managers' Retention of Tips

97. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

98. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

99. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing **managers or supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

100. During the relevant time period, Defendants enforced a restaurant-wide policy that permitted Defendants' managers and supervisors to participate in Defendants' tip pool.

101. Defendants' managers and supervisors frequently participated in Defendants' tip pool within the relevant time period.

102. This policy that was enforced by Defendants and became unlawful on March 23, 2018. Defendant nevertheless continued to enforce this policy after March 23, 2018, and on information and belief, still enforce this unlawful policy to this day.

103. Plaintiff and similarly situated servers and bartenders are entitled to recover the tip credit **and** the quantity of all tips that they were required to share with supervisors and managers from March 23, 2018, through the present.

104. Defendants' willful, intentional and egregious violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

105. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, AMANDA KRIBERNEY, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants, OAK AND EMBER LLC, ASIA FOUNTAINS, LLC, BUTCHER BLOCK GRILL BOCA, LLC, CARMELA'S BOCA, LLC, ZSW MOZART CAFÉ, LLC, ROADHOUSE BOCA, LLC and FGM, LLC, and award Plaintiff: (a) unliquidated minimum wage damages, payable by Defendants, jointly and severally; (b) liquidated damages payable by Defendants, jointly and severally; (c) reasonable attorney's fees and costs payable by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, AMANDA KRIBERNEY, hereby demands a trial by jury on all appropriate claims.

**Dated this 21st day of September 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 21, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**