UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

**CASE NO: 9:21-cv-81779-RS**

AMANDA KRIBERNEY, on behalf of
herself and all others similarly situated,

    Plaintiff(s),

    v.

OAK AND EMBER, LLC,
ASIA FOUNTAINS, LLC,
BUTCHER BLOCK GRILL BOCA, LLC,
CARMELA'S BOCA, LLC,
ZSW MOZART CAFE, LLC,
ROADHOUSE BOCA, LLC,
FGM, LLC,

    Defendants.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, AMANDA KRIBERNEY ("Plaintiff"), and Defendants, OAK AND EMBER, LLC, ASIA FOUNTAINS, LLC, BUTCHER BLOCK GRILL BOCA, LLC, CARMELA'S BOCA, LLC, ZSW MOZART CAFÉ, LLC, ROADHOUSE BOCA, LLC, FBM, LLC (collectively, "Defendants") (Plaintiff and Defendants collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request For Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Plaintiff filed a Complaint against Defendants on September 21, 2021. *D.E. 1*. The Complaint alleges that Defendants violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA").

Defendants expressly deny that they violated the FLSA, and allege that Plaintiff was properly paid for all of the work she performed during her employment period. In order to avoid the expense and uncertainty of protracted litigation, the Parties negotiated a settlement agreement ("the Agreement") through counsel and reached an accord on all material. Under the Settlement Agreement, Plaintiff will receive 100% of the disputed and contested unpaid wages and liquidated damages she claims to be owed, plus additional consideration. A copy of the fully executed settlement agreement is attached as Exhibit A. The settlement reached in this case provides Plaintiff with fair and reasonable compensation for her FLSA minimum wage claims. Moreover, Plaintiff's alleged minimum wage claims are completely uncompromised. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request For Order of Dismissal with Prejudice.

## II.     MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. S*ee* Aguila v. Ratel USA, Inc. et al., Case No. 0:21-cv-61449-AOV, D.E. 37 (S.D. Fla. Oct. 12, 2021) (Judge Valle citing Lynn's Food Stores, Inc., 679 F.2d at 1353-55); *see also* Wicklow v. Belcarra, Inc. et al., S.D. Fla. Case No. 0:21-cv-60370-WPD, D.E. 18 (S.D. Fla. April 27, 2021); *see also* Mercado v. Snyder., 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the resolution of Plaintiff's FLSA minimum wage claims is fair and reasonable. Without admitting any liability as to the alleged minimum wage violations, Defendants agreed to pay Plaintiff a 100% of the minimum wages and liquidated damages she currently claims to be owed. *See Exhibit A*. If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was not entitled to any minimum wages or liquidated damages. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability); *see also* Aguila, 0:21-cv-61449-AOV, D.E. 37 (S.D. Fla. Oct. 12, 2021) (Judge Valle explaining that the

opinion of counsel should be considered in analyzing the reasonableness of an FLSA settlement agreement).

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Moreover, the undersigned counsel voluntarily exchanged documents and believe Plaintiff is being paid 100% of the unpaid minimum wages and liquidated damages that Plaintiff claims to be owed. In addition, the attorney's fees and costs that are payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA minimum claims or otherwise raise any issues contemplated by the Eleventh Circuit in Lynn's Food Stores, Inc., 679 F.2d at 1353. *See Exhibit A*. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA minimum wages, and request that this Honorable Court approve the Settlement Agreement, enter a dismissal of all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for thirty (30) days.

**Dated this 28th day of October 2021**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS PLLC** | **GRANER, PLATZEK & ALLISON, P.A.** |
| 1800 SE 10th Ave. Suite 205 | 1699 S. Federal Highway |
| Fort Lauderdale, Florida 33316 | Boca Raton, FL 33432 |
| (954) 871-0050 | (561) 750-2445 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| By: */s/ Jordan Richards* | By: */s/Steven K. Platzek* |

| | |
|---|---|
| JORDAN RICHARDS, ESQ.<br>Florida Bar No. 1108372<br>JAKE BLUMSTEIN, ESQ.<br>Florida Bar No. 1017746<br>*jordan@jordanrichardspllsc.com*<br>*jake@jordanrichardspllc.com* | STEVEN K. PLATZEK, ESQ.<br>Florida Bar No. 895741<br>*skp@granerlaw.com*<br>ivy@granerlaw.com<br>*Kristin@granerlaw.com* |

**SHUTTS & BOWEN, LLP**
200 S. Biscayne Blvd., Ste 4100
Miami, FL 33131
(305) 347-7337
*Counsel for Defendants*

By:  */s/ Rene Gonzalez-LLorens*
RENE GONZALEZ-LLORENS, ESQ.
Florida Bar No. 53970
*rfl@shutts.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on this 28th day of October 2021.

By: *Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

STEVEN K. PLATZEK, ESQ.
Florida Bar No. 895741
*skp@granerlaw.com*
**GRANER, PLATZEK & ALLISON, P.A.**
1699 S. Federal Highway
Boca Raton, Florida 33432
Ph: (561) 750-2445
*Counsel for Defendants*

RENE GONZALEZ-LLORENS, ESQ.
Florida Bar No. 53970
*rfl@shutts.com*
**SHUTTS & BOWEN, LLP**
200 S. Biscayne Blvd., Ste 4100, Miami, FL 33131
(305) 347-7337
*Counsel for Defendants*