## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND FLSA CLAIMS

This Settlement Agreement and Release of Wage and FLSA Claims ("AGREEMENT") is entered into by and between AMANDA KRIBERNEY ("KRIBERNEY"), and OAK AND EMBER LLC, ASIA FOUNTAINS, LLC, BUTCHER BLOCK GRILL BOCA, LLC, CARMELA'S BOCA, LLC, ZSW MOZART CAFE, LLC, ROADHOUSE BOCA, LLC, and FGM LLC (Collectively "Defendants") (KRIBERNEY and Defendants collectively "Parties").

### RECITALS

This AGREEMENT relies on and is with reference to the following facts:

A. **WHEREAS,** KRIBERNEY filed a Complaint against DEFENDANTS pending in the Southern District of Florida, styled *Amanda Kriberney v. Oak and Ember, LLC, Asia Fountains, LLC, Butcher Block Grill Boca, LLC, Carmela's Boca, LLC, ZSW Mozart Café, LLC, Roadhouse Boca, LLC, and FGM, LLC*, S.D. Fla. Case No. 9:21-cv-81779-RS (the "Lawsuit"); and

B. **WHEREAS,** DEFENDANTS deny the validity of KRIBERNEY's claims and deny that Defendants are subject to any liability; and

C. **WHEREAS,** all wages, liquidated damages and attorneys' fees and costs that KRIBERNEY currently alleges are owed will be fully paid under this Agreement; and

D. **WHEREAS,** all Parties wish to settle their differences as to the FLSA without resort to further litigation, and are resolving their non-FLSA differences under a separate agreement; and

E. **WHEREAS,** the Parties agree that time is of the essence.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full and final settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term "DEFENDANTS" shall include the following:

   (A) OAK AND EMBER LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

   (B) ASIA FOUNTAINS, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(C) BUTCHER BLOCK GRILL BOCA, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(D) CARMELA'S BOCA, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(E) ZSW MOZART CAFE, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(F) ROADHOUSE BOCA, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(G) ASIA FOUNTAINS, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities;

(H) FGM LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, previously acquired or merged entities; and

(I) Any officer, director, trustee, agent, attorney, employee, or insurer of an entity encompassed by subparagraphs (A) – (H).

3. **Settlement Sum**: As consideration for signing this AGREEMENT and compliance with the promises herein, DEFENDANTS agree to pay to KRIBERNEY the sum of NINE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($9,500.00), less lawful deductions. This sum shall be allocated as follows:

(A) A check payable to AMANDA KRIBERNEY for $3,250.00, less applicable withholdings, payable to settle claims for back pay to AMANDA KRIBERNEY, for which an IRS Form W-2 shall be issued. **This check shall be delivered to Jordan Richards PLLC within five (5) calendar days after dismissal by the Court.**

(B) A second check payable to AMANDA KRIBERNEY for $3,250.00 for any and all alleged liquidated damages claims, and any and all employment claims which could have been brought against DEFENDANTS as of the date of signing this agreement, for which a 1099 shall be issued. **This check shall be delivered to Jordan Richards PLLC within five (5) calendar days after dismissal by the Court.**

(C) A third check for $3,000.00 shall be payable to KRIBERNEY's legal counsel, Jordan Richards PLLC, to settle claims for attorneys' fees and costs, $787.00 of which represents legal costs, and $2,213.00 of which represents attorneys' fees. A 1099 shall be issued to both KRIBERNEY and her legal counsel for this payment. **This check shall be delivered to Jordan Richards PLLC within five (5) calendar days after dismissal by the Court.**

DEFENDANTS shall execute this AGREEMENT within three (3) calendar days of approving it and receiving a signed copy from KRIBERNEY. KRIBERNEY shall ensure that DEFENDANTS receive all of the following items before payment is issued: (1) a

docusigned or electronic signature version of this AGREEMENT, appropriately signed and dated by KRIBERNEY; (2) fully executed tax forms (W-9 for KRIBERNEY and a W-9 for counsel for KRIBERNEY). The Parties agree that time is of the essence.

Within three (3) calendar days of receipt by Defendants' counsel of a fully executed copy of this Agreement, the Parties will file a Joint Motion for Approval of the Settlement Agreement, and to Dismiss all claims with Prejudice in the Litigation. The Parties agree to file this Agreement as an exhibit to the Joint Motion for Approval of the Settlement Agreement.

4. **Consideration:** KRIBERNEY understands and agrees that she would not receive the monies and/or benefits specified in paragraph 3, above, but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **Release of Wage and FLSA Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, KRIBERNEY knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, DEFENDANTS, their subsidiaries, parent companies, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, insurers, and the current and former employees, officers, directors, owners, attorneys and agents thereof (all singularly and collectively referred to in this provision as the "Released Parties"), of and from any and all claims, known and unknown, asserted and un-asserted, KRIBERNEY has or may have against the Released Parties as of the date of execution of this Agreement involving wages allegedly owed under state law and the FLSA.

KRIBERNEY further acknowledges that, by signing this AGREEMENT, she: (a) will be fully and properly paid for all work performed on behalf of DEFENDANTS upon receiving the renumeration outlined in paragraph 3; (b) has not suffered any on the job illness or injury for which she has not already filed a claim; and (c) has received all leave (paid or unpaid) to which she was entitled.

6. **Tax Liability:** In paying the amount specified in paragraph 3, DEFENDANTS make no representation regarding the tax consequences or liability arising from said payment. KRIBERNEY understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due, except that DEFENDANTS agree to provide to the governmental entities the taxes withheld from her W-2-covered portion of the settlement consideration, set forth in paragraph 3 (A), above. DEFENDANTS have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraph 3 of this AGREEMENT to KRIBERNEY and her counsel). KRIBERNEY agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums.

7. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties

3

have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

8. **Confidentiality:** In consideration of the obligations under this AGREEMENT, and excluding advising the Court, KRIBERNEY agrees that this AGREEMENT, its negotiation, and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither KRIBERNEY nor her spouse, heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of DEFENDANTS, under any circumstances, except KRIBERNEY may disclose the terms of this AGREEMENT to her spouse, attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 9 and all of its subparts.

9. **FLSA Claims Not Compromised**: KRIBERNEY understands and agrees that her counsel, and counsel for Defendants, have exchanged documents and have completed their own respective calculations of what KRIBERNEY would be owed, assuming everything she alleges is true (although Defendants deny KRIBERNEY is entitled to any damages whatsoever). KRIBERNEY agrees that the consideration being paid to her under this Agreement constitutes 100% of her alleged unliquidated damages, and 100% of her liquidated damages, plus attorneys' fees and costs, which are being paid separately and apart from KRIBERNEY's alleged unpaid wages and liquidated damages. KRIBERNEY agrees that, after receiving the payments made under this Agreement, she is not entitled to any minimum wage, overtime wages, sick leave, FLSA, and any other wages that she claims are allegedly owed to her.

10. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event KRIBERNEY or DEFENDANTS breach any provision of this AGREEMENT, KRIBERNEY and DEFENDANTS affirm that she/they may institute an action specifically to enforce any term or terms of this AGREEMENT. KRIBERNEY agrees that any action or proceeding under, in connection with, or relating to this AGREEMENT shall be brought in and adjudicated by the United States District Court, Southern District of Florida, or if there is no federal jurisdiction, in the State of Florida Civil Circuit Court, Broward County.

11. **Conditions:** In the event of any litigation arising from a breach of the Agreement, the prevailing party shall be entitled to her/its reasonable attorneys' fees and costs, including attorneys' fees and costs incurred on appeal. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies DEFENDANTS or KRIBERNEY may have by virtue of this AGREEMENT or otherwise.

12. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any

DocuSign Envelope ID: 77AAEB6D-D44B-40AE-828A-67F3DFF9F75A

time for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

13. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. KRIBERNEY agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of DEFENDANTS has the authority to modify this AGREEMENT on behalf of DEFENDANTS.

14. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. Both Parties have had the opportunity to have this AGREEMENT reviewed by and to consult their respective counsel, and have in fact done so.

15. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. If, however, any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

16. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This AGREEMENT, sets forth the entire AGREEMENT between the parties hereto regarding the subject matter herein, and fully supersedes any prior obligation of DEFENDANTS to KRIBERNEY regarding the specific subject matter contemplated within paragraph 5 of this Agreement. KRIBERNEY acknowledges that she has not relied on any representations, promises, or agreements of any kind to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

18. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

5

DocuSign Envelope ID: 77AAEB6D-D44B-40AE-828A-67F3DFF9F75A

19. **Counterparts:** This AGREEMENT may be signed in multiple counterparts and by facsimile, docusign or electronic mail (email), each of which, when taken together, shall constitute one original, executed document.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, KRIBERNEY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

[SIGNATURES ON FOLLOWING PAGE]

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

**AMANDA KRIBERNEY**

_[signature]_

10/27/2021
Date

**OAK AND EMBER, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**ASIA FOUNTAINS, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**BUTCHER BLOCK GRILL BOCA, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**CARMELA'S BOCA, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**ZSW MOZART CAFE, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**ROADHOUSE BOCA, LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

**FGM LLC**

By: _[signature]_

Auth. Rep.
Title

10/27/21
Date

MIADOCS 23129815 4